IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Mark X. VANCURA, Attorney at Law.

Supreme Court

*No. 92–2772–D. Filed September 15, 1993.—This court
decided this proceeding on August 17, 1993.*

(Also reported in — N.W.2d —.)

PER CURIAM.   *Attorney disciplinary proceeding;
attorney's license suspended.*

We review the recommendation of the referee that
the license of Mark X. VanCura to practice law in Wis-
consin be suspended for two years as discipline for
professional misconduct consisting of entering into an

agreement by which the law firm of which Attorney VanCura was a member shared fees obtained from clients with a nonlawyer, entering into a business relationship with a client without the client's consent after full disclosure, retaining legal fees belonging to the law firm without the knowledge of the other members of the firm and misrepresenting material facts to a court in the course of litigation. We determine that the seriousness of his misconduct warrants the recommended two-year suspension of Attorney VanCura's license to practice law. By misappropriating funds belonging to his law firm and misrepresenting facts to a court, Attorney VanCura has demonstrated a lack of the honesty and integrity necessary to be entrusted with the representation of others in the legal system.

Attorney VanCura was licensed to practice law in Wisconsin in 1985 and practiced in Kenosha and Green Bay. He currently resides in Illinois, where he is admitted to the practice of law. He has not previously been the subject of an attorney disciplinary proceeding in Wisconsin.

Attorney VanCura pleaded no contest to the allegations of the complaint of the Board of Attorneys Professional Responsibility in this proceeding and the referee, Attorney Stanley Hack, made findings of fact accordingly. In January, 1987, the law firm of which Attorney VanCura was one of three partners entered into an agreement with a client who was president of a consulting firm. The purpose of the so-called "consulting agreement" was to have the client finance product liability litigation the law firm would conduct, in return for which the law firm would pay the consulting firm one-half of any fees it collected from any products liability litigation. Pursuant to that agreement, the client's consulting firm paid the law firm more than

$200,000 to support its product liability litigation. The referee concluded that this agreement violated the rule, former SCR 20.19 and current SCR 20:5.4(a),[1] prohibiting the division of legal fees with a nonlawyer.

Prior to entering into that agreement, Attorney VanCura did not fully disclose to the client the actual or potential conflicts between the law firm's interests and the client's interests and the client expected Attorney VanCura to exercise his professional judgment for the client's protection. The referee concluded that Attorney VanCura thereby violated former SCR 20.27(1) and current SCR 20:1.8(a).[2]

---

[1] SCR 20:5.4 provides:

**Professional independence of a lawyer**

(a) A lawyer or law firm shall not share legal fees with a nonlawyer, except that:

(1) an agreement by a lawyer with the lawyer's firm, partner, or associate may provide for the payment of money, over a reasonable period of time after the lawyer's death, to the lawyer's estate or to one or more specified persons;

(2) a lawyer who purchases the practice of a deceased, disabled or disappeared lawyer may, pursuant to the provisions of SCR 20:1.17, pay to the estate or other representatives of that lawyer the agreed upon purchase price; and

(3) a lawyer or law firm may include nonlawyer employees in a compensation or retirement plan, even though the plan is based in whole or in part on a profit-sharing arrangement.

[2] SCR 20:1.8 provides:

**Conflict of interest: prohibited transactions**

(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;

(2) the client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and

(3) the client consents in writing thereto.

Between November, 1986 and April, 1988, the client who owned the consulting firm paid to Attorney VanCura directly, not to the law firm, legal fees of more than $50,000. Attorney VanCura accepted and retained those fees without the knowledge of his partners and in violation of their partnership agreement's provision that all legal fees be paid directly to the law firm. The referee found that Attorney VanCura deliberately concealed from his two partners his receipt and retention of those legal fees. The referee concluded that Attorney VanCura thereby engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of former SCR 20.04(4) and current SCR 20:8.4(c).[3]

In an unrelated matter, from 1986 through 1988, Attorney VanCura represented a client in two civil cases in federal court in Illinois. Those cases concerned a number of persons who had invested in a ginseng growing operation in Wisconsin. In July, 1986 the federal district court issued a temporary restraining order prohibiting the disposition of the 1986 ginseng crop. Nonetheless, in early 1987, the 1986 crop was shipped to Hong Kong and sold.

Although he had actual knowledge of that sale by April, 1987, in response to a motion seeking an accounting, Attorney VanCura misrepresented to the court that none of the 1986 crop had been sold. The following month, he told the federal magistrate that his client was still unwilling to sell the 1986 crop. The

---

[3] SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(c)  engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

referee concluded that Attorney VanCura knowingly made a false statement of fact to the court, in violation of former SCR 20.36(1)(e) and current SCR 20:3.3(a)(1).[4]

As discipline for Attorney VanCura's misconduct in these matters, the referee recommended a two-year license suspension. The referee further recommended that Attorney VanCura be required to pay the costs of this proceeding.

We adopt the referee's findings of fact and conclusions of law and accept the recommended two-year license suspension as appropriate discipline to impose for Attorney VanCura's misconduct.

IT IS ORDERED that the license of Mark X. VanCura to practice law in Wisconsin is suspended for a period of two years, commencing October 1, 1993.

IT IS FURTHER ORDERED that within 60 days of the date of this order Mark X. VanCura pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Mark X. VanCura to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Mark X. VanCura comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

---

[4] SCR 20:3.3 provides:

**Candor toward the tribunal**
(a)  A lawyer shall not knowingly:
(1)   make a false statement of fact or law to a tribunal;